UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OMAR LUIS HENRIQUEZ REBOLLEDO,

          Petitioner,

   v.

WARDEN,

          Respondent.

No. 2:26-cv-01276-DAD-SCR (HC)

ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On April 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an order directing respondent to file an opposition to petitioner's motion in which respondent addresses whether this case is substantively distinguishable from the court's prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). (Doc. No. 5.) On April 3, 2026, respondent filed an opposition to the pending motion. (Doc. No. 6.)

Respondent argues therein that because "[p]etitioner entered the United States illegally and was placed in removal proceedings," he "is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)." (*Id.* at 1–2) (citing cases).

1

However, respondent concedes that "there are no significant factual or legal issues in this case that materially distinguish it from the case identified in the [court's] Order." (*Id.* at 1.) Respondent has also indicated that respondent does not oppose converting the motion for temporary restraining order into a motion for preliminary injunction and goes on to "respectfully suggest that if the Court is inclined to grant a preliminary injunction, judicial economy counsels that the Court should go further and enter a final judgment granting habeas corpus on the merits." (*Id.* at 1.)

Petitioner is a native and citizen of Columbia who entered the United States in October 2022. (Doc. No. 1 at ¶ 1.) He was detained by immigration officials on an unspecified date thereafter and, on November 22, 2022, was released into the country on his own recognizance subject to certain conditions. (*Id.* at 22–24.) Petitioner alleges that he has remained fully compliant with the conditions of his release and has no criminal history. (*Id.* at ¶¶8, 10.) He alleges further that, on March 18, 2026, he was re-detained by immigration officials when he attended a scheduled check-in appointment with immigration authorities as directed. (*Id.* at ¶ 8.) There is no indication that petitioner was provided advanced notice that he would be re-detained.

Under similar circumstances, the court has rejected respondent's argument that petitioner is mandatorily detained pursuant to § 1225(b)(2) on several prior occasions. *See e.g.*, *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (E.D. Cal. Feb. 12, 2026). The court incorporates that reasoning here. Accordingly, having considered the circumstances surrounding petitioner's re-detention, and in light of respondent's concession that this case is not distinguishable from the court's prior order in *Cajina*, the court incorporates the reasoning set forth in *Cajina* and concludes that petitioner's detention violates due process.

Accordingly, for the reasons explained above:

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

        a.      Respondent is ORDERED to immediately release petitioner, A-# 246-094-828, from respondent's custody under the same conditions he was subject to prior to his re-detention on or about March 18, 2026;

       b.     Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence.

2.     Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3.     Respondent's motion to dismiss (Doc. No. 6) is DENIED;

4.     The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

5.     The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **April 3, 2026**               _Dale A. Drozd_

                                        DALE A. DROZD
UNITED STATES DISTRICT JUDGE